Reese, J.
delivered the opinion of the court.
The plaintiff in error was presented for a bet and wager on the result of the Presidential election. The testimony on the trial was, that pending that election, and before it took place, the plaintiff in error and one David M. Pool were conversing on the chances of success of the two candidates, Henry Clay and James K. Polk, and they disagreeing as to such chances, plaintiff sold and delivered to said David M. Pool goods and merchandize for one hundred and seventy dollars, to be paid for when Henr-y Clay should be elected President of the United States.
• The court charged the jury, that if they believed the above facts, they should find the plaintiff in error guilty, as charged in the presentment. He was found guilty, and the court refused a new trial.
For the defendant below it is objected: 1st. That' óur statute does not embrace the case of a Presidential election, the words of the statute being “upon any election or elections in this State.” We "are of opinion, that the objection is not well taltén. The Presidential election is an election in this State, within the words of the statute; and the fact that the result depends, not upon the exclusive action of this State, but upon the joint action of many States, does not take the case out- of the words of the *562 statute. The offence is also within the meaning and object of the statute, which was to preserve the freedom and purity of elections, and to exclude from them the operation of motives not founded on, but adverse to, the public good. But there is no testimony in the case, that the goods delivered were sold at a price above their value. The purchasing party, therefore, staked nothing. If he lost, he was to pay for the goods, their value; if he won, he was to pay nothing. He, therefore, staked nothing, risked nothing. The risk was all on one side, and was not a betting or wager; although the contract, as being against public policy and public morality, was void. If the goods were assessed above their value, in market, there was a wager, and the defendant ought to have been convicted.
Upon the ground that there was no proof of this sort, the judgment of the Circuit Court must be reversed, and a ndw trial be had in the case.